BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Garrido

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00754 PJH |
| Plaintiff, | ) ) | DEFENDANT'S MOTION TO SUPPRESS, MOTION |
| v. | ) ) | REGARDING IMPROPER AND PREJUDICIAL JOINDER, AND |
| CARLOS GARRIDO, | ) ) | MEMORANDA OF POINTS AND AUTHORITIES |
| Defendant. | ) ) | **Court:** Hon. Phyllis J. Hamilton  **Date:** April 30, 2008  **Time:** 1:30 p.m. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; JOSEPH RUSSONIELLO UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; LAURA GWINN AND WILSON LEUNG, ASSISTANT UNITED STATES ATTORNEYS

PLEASE TAKE NOTE that on Wednesday, April 30, 2008, at 1:30 p.m., Mr. Carlos Garrido will move this Court to suppress all fruits of an unlawful search and to dismiss or sever improperly joined counts in a federal indictment. This motion is based on the following memoranda of points and authority, the Federal Rules of Criminal Procedure, the United States Constitution, all relevant legal authority and such argument as will be entertained by the Court.

///

///

1

## INTRODUCTION

Carlos Garrido is before this Court on a two-count indictment alleging his participation in two distinct crimes separated by two full years and a 5,000 mile round-trip journey to Guatemala. One count is the yield of an illegal search conducted in violation of the United States Constitution. The other springs from an improper joinder in violation of the Federal Rules of Criminal Procedure. With this Motion, Mr. Garrido respectfully seeks relief from both such infringements.

## BACKGROUND

Count One of the indictment in which Mr. Garrido is charged asserts that he possessed a firearm on or about February 25, 2006. *See*, Indictment, at Count One, attached as Exhibit A to the Declaration of Eric Matthew Hairston ("Hairston Decl."), attached hereto as Exhibit A to this Motion. Based on the discovery provided to the defense, the San Francisco Police Department allegedly recovered this weapon in a vehicle search subsequent to arresting Mr. Garrido on the above-referenced date for driving without a valid license. *See*, San Francisco Police Department Incident Report No. 060 217 552, at 4, provided by the government as discovery in this matter and attached hereto as Exhibit B to the Hairston Decl. It appears from the discovery that the arresting officers conducted the vehicle search without making any effort to obtain a warrant. *Id,* at 5. There is no indication that Mr. Garrido was charged by the San Francisco District Attorney's Office with any offense in connection with the weapon recovered during the search.

Count Two of the indictment alleges that Mr. Garrido, having been previously deported, was found in the Northern District of California on or about February 18, 2008. *See*, Indictment, at Count Two. It appears from the discovery provided to date that any such removal of Mr. Garrido from the United States occurred shortly after the arrest forming the basis for Count One and that he was not again "found" in the United States until nearly two years later. Thus, with the possible exception of any common questions surrounding Mr. Garrido's alienage, there does not appear to be any factual, legal or temporal connection between the two crimes with which he is charged.

Mr. Garrido respectfully requests that this Court suppress all evidence arising from the unlawful search that forms the basis of Count One. Mr. Garrido further asks the Court to dismiss or sever from the indictment Count Two, which is improperly joined with Count One under Federal Rule of Criminal Procedure 8 and prejudicially joined with Count One under Federal Rule of Criminal Procedure 14.

**DISCUSSION**

**I.    THIS COURT SHOULD SUPPRESS THE FRUITS OF THE ILLEGAL SEARCH CONDUCTED IN 2006**

The discovery produced in this matter to date indicates that the SFPD officers involved in Mr. Garrido's February 25, 2006 arrest made no effort to obtain a warrant before conducting the vehicle search during which the firearm underlying count one was allegedly recovered. The search of the car was therefore presumptively illegal, and it is the government's burden to establish sufficient facts to authorize the search under an exception to the Fourth Amendment's warrant requirement. *See United States v. Katz*, 389 U.S. 347 (1967). "Any exception to the Fourth Amendment warrant requirement must be proven by a preponderance of evidence, *and this burden is upon the government.*" *United States v. Linn*, 880 F.2d 209, 214 (9th Cir. 1989) (abrogated on other grounds by *Florida v. White*, 526 U.S. 559) (emphasis added).

The Supreme Court has consistently held that evidence seized during an unlawful search cannot be admitted as proof against the victim of the search. *Wong Sun v. United States*, 371 U.S. 471, 485, 83 S. Ct. 407, 416 (1963). If the government fails to meet its evidentiary burden in establishing a lawful basis for the search, all evidence secured from the 2006 search by the San Francisco Police Department must be suppressed.

**II.   COUNT TWO OF THE INDICTMENT IS IMPROPERLY JOINED WITH COUNT ONE AND SHOULD BE DISMISSED OR SEVERED**

    *A.    Counts One and Two Are Improperly Joined Under Federal Rule of Criminal Procedure 8*

Count Two of the Indictment, alleging that Mr. Garrido was found in the United States in

2008, is improperly joined with Count One, alleging that Mr. Garrido possessed a firearm in 2006. Joinder of offenses and defendants is controlled by Federal Rule of Criminal Procedure 8. That rule requires some relation between offenses charged in an indictment:

> (a) **Joinder of Offenses**. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting part of a common scheme or plan.

Fed. R. Crim. Pro. 8(a).

It is clear that the charge of possessing a pistol in 2006 is not based on the same act or transaction as the charge of being found in the United States in 2008, particularly when the two are separated by an intervening deportation to Guatemala. Nor are the two allegations connected together, part of a common scheme or plan, or in any way "of the same or similar character."

In *United States v. Terry*, 911 F.2d 272 (9th Cir. 1990), the Ninth Circuit considered a conviction arising from an indictment that charged both gun and drug offenses. *Id.* at 274. The defendant in *Terry* challenged the misjoinder and moved for severance and separate trials of the counts. *Id.* at 276. The Court in *Terry* found that the joinder was improper. *Id.*

The Ninth Circuit adopted what was effectively a categorical approach in examining the joinder issue in *Terry*. "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *Id.* at 276. The Court examined the charging instrument in *Terry* and determined that "no effort is made in the indictment even to suggest that the offenses are part of the same or similar character or that they are part of the same transaction or parts of a common scheme." *Id.* Similarly, in the case now before this Court, the government makes no effort on the face of the indictment to provide any link between possession of a firearm in 2006 and being found in the United States in 2008.

The Court in *Terry* also considered the interrelationship – or lack thereof – of evidence between the counts charged. The Court observed that the evidence necessary to prove the drug counts did not overlap with the evidence required to prove the gun counts. *Id.* at 276. The Ninth

Circuit concluded that "[w]hen, as in this case, joined offenses are not connected and are not provable by the same evidence, joinder is improper." *Id.* citing *United States v. Barney*, 568 F.2d 134 (9th Cir. 1978). In the present case, the government's trial presentation regarding the respective offenses will likely be supported by two distinct sets of witnesses: the SFPD officers who allegedly recovered a weapon from Mr. Garrido in February of 2006, and the Homeland Security agents who claim to have "found" Mr. Garrido in February of 2008. With the possible exception of evidence of Mr. Garrido's alienage, there is no overlap whatsoever in proof between the two counts set forth against him. Mr. Garrido therefore respectfully requests that the Court sever or dismiss Count Two from the Indictment.

  B. *Joinder of Counts One and Two is Prejudicial Under Federal Rule of Criminal Procedure 14*

  In addition to the misjoinder of Counts One and Two under Federal Rule of Criminal Procedure 8, the two counts set forth against Mr. Garrido should also be severed pursuant to Federal Rule of Criminal Procedure 14. Presentation of evidence on Counts One and Two to the same jury in the same trial would have a substantial injurious effect on the jury's ability to independently evaluate the facts of either count.

  The Ninth Circuit addressed prejudicial joinder under Rule 14 in *United States v. Lewis*, 787 F.2d 1318 (9th Cir. 1986). In *Lewis*, the Ninth Circuit considered an appeal of a defendant convicted of bank larceny, killing to avoid apprehension in a bank larceny, and being a felon in receipt of a firearm. *Id.* at 1320. The defendant moved for severance of the felon-in-receipt charge under Rule 14.

  The text of Rule 14 in the *Lewis* case remains the same today:

**Rule 14. Relief from Prejudicial Joinder**

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder or trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires . . . .

Federal Rule of Criminal Procedure 14.

  The Ninth Circuit in *Lewis* noted that the government is prohibited under Federal Rule of

*CR 07-00754 PJH*
DEF. MOTS IMPROPER JOINDER,
SEVERANCE, & SUPPRESS   5

Evidence 404(b) from introducing evidence of a defendant's prior crimes to show that the defendant has a bad character and propensity to commit the charged act. *Lewis*, 787 F.2d at 1321. "Other crimes" evidence, explained the Court, is not looked upon favorably and must be narrowly circumscribed and limited. *Id.* Hence, "[t]he danger that a jury will infer present guilt from prior convictions cannot be ignored by the court in deciding whether to sever a charge that necessitates the introduction of other crimes evidence." *Id.*

The Ninth Circuit declined to adopt a *per se* rule regarding severance in *Lewis*, but recognized that there is a "high risk of undue prejudice whenever, as in this case, joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which evidence would otherwise be inadmissible." *Id.* at 1332, quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985). A high risk of such undue prejudice is present in the case before the Court.

As noted, *Lewis* dealt with the introduction of a prior felony as foundation for a charge of felon in receipt of a firearm. While neither count alleged against Mr. Garrido would require the introduction of prior criminal *convictions*[1], a joint trial of the counts as currently charged would still lead to the introduction of otherwise irrelevant and inadmissible evidence. In the absence of Count One the government obviously could not, during Mr. Garrido's trial for being found illegally in the United States in 2008, introduce allegations that he possessed a firearm in 2006. Similarly, allegations that Mr. Garrido was recently found in the United States after having been previously removed to Guatemala would have no relevance or probative value to a jury's determination as to whether he knowingly possessed a pistol two years ago. Because the already-improper joinder of Counts One and Two is also substantially prejudicial, Mr. Garrido respectfully requests that this Court sever the two counts pursuant to Federal Rule of Criminal Procedure 14.

---

[1] In fact, Mr. Garrido has no prior criminal convictions of which undersigned counsel is aware.

*CR 07-00754 PJH*
DEF. MOTS IMPROPER JOINDER,
SEVERANCE, & SUPPRESS              6

**CONCLUSION**

For the foregoing reasons, Mr. Garrido respectfully requests that the Court suppress all fruits of the unlawful search conducted in 2006. Mr. Garrido further requests that the Court sever Counts One and Two, which have been improperly and prejudicially joined in the indictment filed against him.

Dated: April 4, 2008

                                        Respectfully submitted,

                                        BARRY J. PORTMAN
                                        Federal Public Defender

                                               /S/

                                        ERIC MATTHEW HAIRSTON
                                        Assistant Federal Public Defender