# Exhibit A

San Francisco Police Department     **9.06**
**GENERAL ORDER**     Rev. 07/10/96

## VEHICLE TOWS

The purpose of this order is to set forth policies and procedures relating to towing of vehicles, placing of holds and releasing of towed vehicles.

I. POLICY

   A. AUTHORITY OF OFFICERS TO TOW. It is the policy of the San Francisco Police Department that officers tow vehicles only when authorized pursuant to Division 11, Chapter 10, Article 1 of the California Vehicle Code (Section 22650, et seq.) and various sections of the San Francisco Traffic Code.

II. TYPES OF TOWS

   A. ARREST TOWS

      1. PERMISSIBLE CIRCUMSTANCES. It is the policy of the Department that officers may tow a vehicle driven by, or in the control of, a person arrested and taken into custody when:

         a. The vehicle is needed for evidence.

         b. The vehicle must be secured while obtaining a search warrant.

         c. The vehicle cannot be secured, and cannot be released immediately to a person at the scene who is authorized by the arrestee.

         d. The vehicle is a traffic hazard, and cannot be released immediately to a person at the scene who is authorized by the arrestee.

         e. The vehicle is not parked in a place that will be legal for at least 24 hours from the time of arrest.

         f. Towing is specifically requested by the arrested person.

DGO 9.06
Rev. 07/10/96

2. **MANDATORY CIRCUMSTANCES.** It is the policy of the Department that officers shall tow any vehicle being driven by a person who has had his/her driver license suspended or revoked, or by a person who has never been issued a driver license. The vehicle shall not be released to anyone at the scene; however, a commercial vehicle (e.g., cab, truck, bus) may be released to an agent of the company who is a licensed driver.

3. **SUPERVISORY APPROVAL.** Except when specifically requested by an arrested person, officers shall obtain approval from a supervisory officer before towing a vehicle pursuant to an arrest. The reason for the tow and the name of the supervisory officer giving approval shall be included in the incident report.

4. **PROPERTY.** When the vehicle of an arrested person contains an item of extraordinary value, but towing is not warranted, the item may be booked according to Department policies and procedures. An arrested person's vehicle shall not be towed simply because it contains an item of value.

5. **MOVING A VEHICLE PRIOR TO TOWING**

   a. Officers shall not move a vehicle that is to be towed pursuant to an arrest unless they have the express permission of a supervisory officer, and then only when moving the vehicle is necessary for:

      (1) Officer or citizen safety; or

      (2) The protection of evidence; or

      (3) When, in the supervisor's opinion, further investigation of the vehicle is necessary.

   b. Officers moving a vehicle that is to be towed pursuant to an arrest shall include the following information in their incident report:

      (1) The reason for the tow;

      (2) The reason for moving the vehicle;

      (3) The name of the supervisor giving permission to move the vehicle prior to the tow.

DGO 9.06
Rev. 07/10/96

6. NOTICE OF TOW HEARING. Officers shall insure that an arrested person, whose vehicle has been towed subsequent to an arrest, is given a Notice of Tow Hearing (SFPD 387). Officers shall document the issuing of this form in their incident report and indicate whether the arrested person is the owner of the towed vehicle.

B. RECOVERED VEHICLE TOWS

1. PERMISSIBLE CIRCUMSTANCES. It is the policy of the Department that an officer may, in addition to other circumstances described in this order, tow a recovered vehicle when either of the following conditions exists:

   a. The vehicle is not operable.

   b. The officer believes a hold must be placed on the vehicle, e.g., the vehicle was involved in the commission of a crime, contains physical evidence, altered VIN.

2. MANDATORY CIRCUMSTANCES/NOTIFICATION OF REPORTEE. In all other cases, the Communications Division shall make an attempt to contact the person who reported the vehicle theft, provided that he/she is a resident of San Francisco. The person shall be told of the location of the vehicle and advised that he/she or an authorized representative must arrive at the scene within 20 minutes to take custody of the vehicle. If the person or representative cannot respond or does not arrive within 20 minutes, the vehicle shall be towed.

3. TOWING POSSIBLE STOLEN/RECOVERED VEHICLES. Many vehicles have been towed simply because they appeared to have been stolen, e.g., the vehicle was stripped, identification numbers (VIN) were removed, or other causes for suspicion were present. In many cases, the towed vehicle had not been stolen, but was merely abandoned by the owner. Therefore, it is the policy of the Department that officers not tow vehicles simply because they appear to be stolen.

C. TOWING ABANDONED VEHICLES FROM PRIVATE PROPERTY. Complaints concerning vehicles abandoned on private property that are not stolen or embezzled shall be referred to the Environmental Health Services Center Office, 101 Grove Street.

3

DGO 9.06
Rev. 07/10/96

D. **VEHICLE ALARMS, CITATION AND TOW.** See DGO 5.10, False Alarms.

## III. TOW POLICY AND PROCEDURES

A. **REQUESTING A TOW.** Before requesting a tow, check to see if the vehicle is stolen. Query both the license plate number and the VIN if necessary. Ensure that the VIN and license plate number correspond to registration information.

1. **STOLEN.** If the vehicle is stolen, follow the provisions in this order before requesting a tow.

2. **NOT STOLEN (CLEAR).** If the vehicle is clear, request a tow through the Tow Dispatch Center (TDC) and provide the following information:

   a. Unit designation.

   b. Location (street name and exact location or approximate block number; also provide the nearest cross street).

   c. Reason for tow (specify the violation, e.g., 22500e CVC, arrest, evidence, accident, etc.).

   d. Vehicle year of manufacture.

   e. Make (Ford, Chev., etc.).

   f. Style (two door, convertible, truck, van, motorcycle, etc.).

   g. Color (use basic colors, e.g., red, white, blue, green).

   h. License and VIN. If both license plates are missing, but registration information indicates that a particular license plate number belongs on the vehicle, provide that number when ordering the tow.

   i. Hold. Advise TDC when a hold needs to be placed on the vehicle. Specify the type of hold, e.g., prints, burglary, robbery, etc. Also provide the incident number (if applicable).

   j. Specify any special equipment needed for towing (e.g., dolly).

DGO 9.06
Rev. 07/10/96

    k. Fully complete an "Inventory of Towed Vehicle" form (see Section C. below).

3. **DEPARTMENT VEHICLE TOWS.** When ordering a tow for a Department vehicle, provide the license and Department ID number, year, make and model. The Department tow truck will respond; however, when the Department tow truck is unavailable, TDC will dispatch a private tow truck.

B. **INVENTORY OF TOWED VEHICLES.** When towing a vehicle, officers shall inventory the contents of the vehicle. The purpose of the inventory is to locate and secure any valuable property, to guard against false claims, and to protect officers and others from dangerous objects. When conducting an inventory, officers may search anywhere inside the vehicle including consoles, glove boxes, under the seats, inside the trunk and inside any container of the vehicle.

1. **FORM PREPARATION.** When towing a vehicle, always complete an "Inventory of Towed Vehicle" form. This form must be used to document tows ordered by the Department, with the exception of tows of Department vehicles or tows requested by an owner or operator. List inventoried items on the Inventory of Towed Vehicle form. If more space is needed, use an additional form and list it as page 2. Print legibly and apply enough pressure so that all the copies are readable. All applicable boxes must be completed, including the odometer reading and VIN number. When towing a vehicle for a driveway violation, always include the complainant's name and address in the appropriate boxes.

    a. **DAMAGE/MISSING PARTS.** List any part of the vehicle that is missing or damaged. Carefully indicate any body damage (e.g., dents, scrapes, cracked glass) using the illustration and the instructions on the back of the inventory form.

    b. **FORM DISTRIBUTION.** After completing the Tow Inventory form, distribute the copies as follows:

        (1) White (original) and yellow: Tow Detail

        (2) Green/Pink: Tow truck operator.

DGO 9.06
Rev. 07/10/96

2. **ITEMS OF EXTRAORDINARY VALUE.** If the vehicle contains an item of extraordinary value, remove it. Complete a property receipt (SFPD 315), and leave a copy inside the vehicle. Book the item "Property for Safekeeping" if the item is not apparently connected to an offense. Also complete an incident report.

   a. **FIREARMS.** If you locate a firearm in the vehicle, confiscate the weapon, even though the firearm or vehicle is not connected to an offense. Complete a property receipt form (SFPD 315), attach it to the vehicle, and book the firearm as "Property for Safekeeping." Also complete an incident report describing the circumstances. Do not place a hold on the towed vehicle. **Note, however, that a firearm in a vehicle may constitute an offense [see Penal Code Section 12025 (a) or 12031 (a)].**

C. **STANDBY.** After requesting a tow, officers shall remain at the scene until the tow truck operator has completed the hookup and has departed. A standby is not required when the tow is requested by the owner or operator, provided that the vehicle is not creating a traffic hazard.

D. **CANCELING TOWS.** In the event that the owner or operator of a vehicle which is being towed arrives after the tow truck has made the hookup, but before the towed vehicle has entered the flow of traffic, the vehicle shall be returned at no charge. The current city tow contract does not allow a drop charge to be levied by the tow company. This policy shall not apply in situations where a vehicle is being towed for investigative purposes, or is being towed because it was driven by an unlicensed driver or by a driver with a suspended or revoked driver license.

   1. **LEAVING THE SCENE.** If you must leave the scene or need to cancel the tow for any reason, immediately notify the TDC. If you have entered the vehicle and completed the inventory form, write "canceled" across the face and forward it to the TDC.

   2. **TOW TRUCK DELAY.** If the tow truck does not arrive within 20 minutes of your request, contact the TDC and confirm that a tow has been requested and obtain an estimated time of arrival.

DGO 9.06
Rev. 07/10/96

3. **OWNER ARRIVES ON SCENE.** If the owner of the vehicle arrives after you or the tow truck driver have entered the vehicle, complete the reverse side of the "Inventory of Towed Vehicle" form and have the owner sign it to verify acceptance and release of the vehicle. Write "canceled" across the face of the inventory form, give the owner the pink copy, and forward the remaining copies in the usual manner. If the owner refuses to sign, write "refused" on the form and proceed with the release.

E. **AUTO CLUB TOW NOTIFICATIONS.** The Department will notify AAA or National Auto for tow or roadside service requests; however, because of contractual obligations, the Department cannot notify any other auto club, tow service, or insurance company.

F. **VEHICLE HOLDS.** A vehicle "hold" may be placed on a towed vehicle under certain circumstances. A vehicle with a "hold" placed on it cannot be released until the "hold" has been removed by the appropriate investigative section. For example, a "Hold for Robbery" can only be removed by the Robbery Section.

1. **PERMISSIBLE CIRCUMSTANCES.** Officers may place a "hold" on a vehicle whenever the Department needs to retain the vehicle for investigative purposes. The following are examples of circumstances in which a hold may be placed:

    a. **RECOVERED VEHICLE.** A recovered vehicle is missing the engine or transmission, or major components (body parts, e.g., doors, trunk, hood). When placing a hold write "Recovered Vehicle - Hold Prints Only - Auto Detail" on the Inventory of Towed Vehicle form. Notify Auto Statis of the hold.

    b. **EVIDENCE.** Evidence related to the investigation of a crime may be obtained from the vehicle (see DGO 6.02, Physical Evidence).

7

DGO 9.06
Rev. 07/10/96

    c. NO IDENTIFICATION/REGISTRATION. The vehicle identification number (VIN) has been removed or altered, or ownership/registration cannot be determined, or the vehicle displays a stolen or lost license plate, or the license plate of another vehicle.

      (1) If a vehicle's VIN is missing, altered, etc., place a "hold" for the Auto Section and write "Hold for Auto Section" on the inventory form. Write an incident report and title it "Impounded Auto/Violation 10751 CVC." Include the reasons for the tow and the hold, and forward a copy to the Auto Section.

      (2) DISPLAYING LOST OR STOLEN LICENSE PLATES. In the event that a vehicle is displaying a lost or stolen plate, follow these procedures:

- Remove and book the license plate(s) as evidence.
- Tow the vehicle.
- If the vehicle is cited for 4462 CVC (misd.) place a hold for Traffic Enforcement and Investigation. If the vehicle is cited for N/W 4463 CVC (felony) place a hold for the Auto Section.
- Contact Auto Statis to make a recovery report of the stolen/lost plates.
- Prepare an incident report.

    d. VEHICLE ACCIDENTS (Also see DGO 9.02, Vehicle Accidents and DGO 9.01, Traffic Enforcement). The vehicle is involved in an accident involving a fatal or near-fatal injury, place a "hold" for the Hit and Run Section. If the vehicle is involved in a roll-away accident (Traffic Code Section 58a) place a hold for the Traffic Enforcement & Investigation Division.

    e. OTHER CASES. The officer believes that a hold is necessary. In these cases, officers shall confer with a supervisory officer prior to placing the hold.

8

DGO 9.06
Rev. 07/10/96

2. **MANDATORY CIRCUMSTANCES.** Officers shall place a "hold" on a vehicle when any of the following circumstances exist:

   a. **SUSPENDED OR REVOKED DRIVER LICENSE.** A vehicle is being towed because the driver has been arrested for driving with a suspended or revoked driver license (Section 14601 CVC series) or driving without ever having been issued a driver license [Section 12500(a)CVC]. After arresting a person for driving with a suspended or revoked driver license, or for driving without ever having been issued a driver license, place a hold for the STOP (San Francisco Traffic Offender Program).

3. **REPORTS.** Whenever a hold is placed on a vehicle, an incident or accident report shall be completed explaining the reasons for the hold.

4. **COMPLETING THE TOW FORM.** When placing a hold on a vehicle, complete the reverse side of the pink copy of the "Inventory of Towed Vehicle" form, recording all information available to assist investigators or, if applicable, Crime Lab personnel in their examination. Do not place a hold on a vehicle for more than one investigative section.

5. **PHYSICAL EVIDENCE.** When a vehicle may hold evidence such as latent fingerprints, write "Hold for Evidence/Prints" along with the proper investigative section, e.g., Burglary, Hit & Run, Robbery, Sex Crimes. Vehicles requiring processing for prints or other evidence will be towed to the towing company garage where a special processing and storage area is provided. When the tow truck arrives, tell the driver to handle the vehicle with care to preserve any physical evidence.

9

DGO 9.06
Rev. 07/10/96

## IV. VEHICLE RELEASES AND ADMINISTRATIVE TOW FEES

A. VEHICLE RELEASE POLICY. Before a vehicle that has been towed by the Department can be released, a Vehicle Release shall be completed and presented to the tow garage.

1. LICENSED DRIVERS. A Vehicle Release shall only be issued to a person with a valid driver license in his/her possession or on file with the DMV. If the registered owner does not have a valid driver license (e.g., the license is suspended or revoked) he/she must be accompanied by a licensed driver before a release can be issued.

2. HOLDS. Any hold placed on a towed vehicle must be removed prior to the issuance of a Vehicle Release.

    a. STOP PROGRAM (SUSPENDED/REVOKED DRIVER LICENSE TOWS). When a hold for STOP (San Francisco Traffic Offender Program) has been placed on a vehicle, no release shall be issued without the hold being released by the STOP Program.

3. ADMINISTRATIVE TOW FEE

    a. It is the policy of the Department to charge an administrative tow fee for vehicles towed pursuant to any of the following:

    (1) An arrest [Section 22651(h) CVC].

    (2) A violation described in Section 22651 (p) CVC (e.g., Section 14601 CVC Driving with a Suspended or Revoked License, Section 12500a CVC)

    (3) Driving under the influence arrests and accidents.

    (4) As evidence of a crime (Section 22655.5 CVC).

    b. A Vehicle Release shall not be issued for a vehicle that has been towed in any of the above circumstances unless an administrative tow fee has been paid.

10

DGO 9.06
Rev. 07/10/96

4. **EXPIRED REGISTRATION.** It is also the policy of the Department, pursuant to Section 22850.3 CVC, that a release not be issued for any vehicle with expired registration. After the necessary registration fees have been paid and a DMV receipt is presented, officers shall issue a Vehicle Release.

B. **VEHICLE RELEASE PROCEDURES.** When issuing a vehicle release, follow these procedures:

1. **VERIFICATION.** Ensure that the person claiming the vehicle is the registered owner of the vehicle or a person authorized by the registered owner. Also check to ensure that the person has a valid driver license either in his/her possession or on file with the DMV.

2. **WARRANT CHECK.** Complete a warrant check on the person.

3. **HOLDS.** Check to see if there is a "hold" on the vehicle. If there is, do not issue a release. Instead, refer the person to the appropriate investigative section to get a release.

    a. **ADMINISTRATIVE TOW FEE.** If there is a hold on the vehicle solely for an administrative tow fee, make sure that the person has a receipt for the payment of the fees before issuing the release. Attach a copy of the person's tow fee receipt to the yellow (garage) copy of the release; the person retains the cash register receipt.

4. **REGISTRATION.** Check to see if the vehicle's registration is current. If not, do not issue a release. Instead, tell the person to go to the DMV, pay the registration fees, and return with a DMV receipt.

5. **SIGNATURE.** Have the person sign the completed form in your presence. Give him/her the second and third (yellow and pink) copies and, if necessary, provide directions to the tow garage. Forward the original to the Tow Dispatch Center.